

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RALPH SMITH, | : |
| Petitioner, | : |
| v. | : CIVIL ACTION NO.: CV206-275 |
| JOSE VAZQUEZ, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ralph Smith ("Smith"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Return on the Court's Order to Show Cause, and Smith filed a Reply. For the following reasons, Smith's petition should be **GRANTED**.

## STATEMENT OF THE CASE

Smith is currently serving an 87-month sentence imposed by the United States District Court for the Middle District of Florida. While incarcerated at FSL Jesup, Smith applied to participate in the Bureau of Prisons' ("BOP") Residential Drug Abuse

AO 72A
(Rev. 8/82)

Treatment Program ("RDAP"). The BOP, however, found Smith ineligible for participation in the RDAP and denied his application. Smith requested an eligibility interview with staff and a reconsideration of his application. He eventually pursued his available administrative remedies, but the BOP maintained throughout the process that Smith was not eligible for participation in the RDAP.

In his § 2241 petition, Smith contends that the BOP's denial of his participation in the RDAP was arbitrary and an abuse of discretion. Smith asserts that documented evidence, including letters from friends, family, and a physician, indicate that he suffers from a substance abuse problem. Smith also contends that the BOP's requirement that substance abuse be documented within the twelve months preceding incarceration is impermissibly based upon a rule that has not been promulgated pursuant to the rule-making process required by the Administrative Procedures Act ("APA").

Respondent contends that the BOP has wide discretion in the provision of substance abuse treatment, and that its determination of Smith's ineligibility is wholly within its statutory authority. Respondent also asserts that in making the determination of ineligibility, the BOP relied on no requirements outside of the agency's Program Statement.[1]

---

[1] Smith alleges that the BOP, in determining his eligibility, improperly relied upon the so-called "Weinman Memo," a 1996 memorandum from Beth Weinman, National RDAP Coordinator. This memo sets forth instructions to be used in conjunction with the BOP's Program Statement to substantiate an inmate's substance abuse disorder. Among other things, the instructions provide that documentation of substance abuse includes "[a]n eligibility interview that leads to a diagnostic impression of alcohol or other 'legal' substance abuse/dependence *during the last 12 months prior to arrest and/or incarceration* . . ." (Doc. No. 14, p. 14 (emphasis added)). Respondent maintains that BOP staff have not relied on the Weinman Memo, and instead have utilized only the requirements of the applicable Program Statement in making eligibility determinations. (Doc. No. 8, p. 5).

## DISCUSSION AND CITATION TO AUTHORITY

**A.   The Residential Drug Abuse Treatment Program (RDAP)**

18 U.S.C. § 3621(b) requires that the Bureau of Prisons "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the Bureau of Prisons has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes an RDAP during his current confinement. 18 U.S.C. § 3621(e)(2)(B). The majority of the litigation surrounding 18 U.S.C. § 3621(b) pertains to a prisoner's eligibility for *early release* after completion of the RDAP. Conversely, the issue of eligibility for *entry* into the RDAP has resulted in very little litigation, and a review of what does exist reveals that there is simply no well-settled controlling case law on the subject.

The statute and its accompanying federal regulations indicate that the BOP has the sole authority to determine which prisoners should participate in the RDAP. Congress clearly stated that the BOP is to provide substance abuse treatment to those prisoners whom "the Bureau determines" have treatable substance abuse conditions. Federal regulations likewise indicate that the BOP has substantial discretion and authority to assign prisoners to substance abuse programs. See 28 C.F.R. § 550.53 (allowing BOP staff to make appropriate drug education/treatment referral following an interview and record review); 28 C.F.R. § 550.56(b) ("the decision on placement [in an RDAP] is made by the drug abuse treatment coordinator").

**B.     Criteria of a "Substance Abuse Problem"**

The BOP's interpretation of a statute that it is entrusted to administer is entitled to considerable weight unless it is arbitrary, capricious, or contrary to the statute. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984). Moreover, discretion is likewise appropriate even when "the Bureau's interpretation appears only in a 'Program Statemen[t]' – an internal guideline – rather than in 'published regulations subject to the rigors of the Administrative Procedur[e] Act, including public notice and comment.' " Reno v. Koray, 515 U.S. 50, 61, 115 S. Ct. 2021, 2027, 132 L. Ed. 2d 46 (1995) (citation omitted). However, despite its broad discretion over the substance abuse treatment program and similar statutorily-created programs, the BOP must act within the confines of its statutory authority in order to survive judicial review. It is clear that 18 U.S.C. § 3621(b) does not set forth any criteria to guide the BOP's determination of whether an inmate has a "substance abuse problem." Thus, the question here is whether the specific criteria used by the BOP to make the determination are permissible.

BOP Program Statement 5330.10 establishes that to qualify for an RDAP, an inmate must be diagnosed with substance abuse or dependence as defined by the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition ("DSM-IV"). P.S. 5330.10, Chapter 5, § 5.4.1. The Program Statement provides that "any written documentation in the inmate's central file which indicates the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem." The record before this Court indicates that Smith's application to participate in the RDAP was denied because he

AO 72A
(Rev. 8/82)

4

had no documented substance abuse *within the twelve months preceding his arrest.* The BOP's Administrative Remedy Response to Smith states explicitly that ". . . had your PSI indicated *any* use of illicit drugs or alcohol within the 12 months preceding your arrest . . . the RDAP Coordinator would have proceeded with the eligibility interview and then assessed for corroboration between drug use claimed during the interview and drug use reported in the existing documentation." (Smith Exh. 12, p. 3).

It is clear, however, that the DSM-IV, that diagnostic tool referenced in the Program Statement, requires only that a diagnosis of substance abuse or dependence be made based on the presence of symptoms *during a twelve month period.* It makes no reference to any temporal relationship between the twelve month period and the applicant's arrest or incarceration. In his response to Smith's administrative appeal, the Warden states that the DSM-IV requires that symptoms exist within the 12 months preceding arrest, a statement that is simply an incorrect reading of the plain language of the manual. Whatever the merits of such a "twelve months preceding" requirement may be, citing DSM-IV to justify what is clearly an unannounced, unwritten, and unpublished change in the rules will not pass muster upon close review. Accordingly, Respondent's position that the BOP relied only upon the applicable Program Statement in making the diagnosis must fail, as it is clear that the BOP improperly relied upon an additional requirement found nowhere in its policies.

**C.   The BOP's Finding of Ineligibility Was an Abuse of Discretion**

Ignoring, then, the improper "twelve months preceding" requirement, the BOP would be left with Smith's written documentation and his eligibility interview. Smith's PSI indicates that "[t]he Defendant has a significant history of substance abuse that

began when he was approximately 23 years old," that he used marijuana, cocaine, ecstasy, LSD, and GHB on a regular basis during that time, and used anabolic steroids during 1995 and 1998. (Smith Exh. 2). Three letters from Smith's friends and family and one letter from a former physician detail his substance abuse. (Smith Exh. 3, 4, 5, and 6). In a January 2006 intake screening report, Dr. Shirley A. Terradas, Chief Psychologist at FSL Jesup, notes that Smith reported a history of substance abuse. (Smith Exh. 7). By Order dated April 24, 2006, the court that sentenced Smith recommended to the BOP that Smith be allowed to participate in the RDAP at FSL Jesup. Smith's pleadings note that an eligibility interview was conducted after his repeated requests, and the record indeed evidences that the request was granted (Smith Exh. 13, p.3), but there is no documentation of the outcome of this interview, save the BOP's subsequent denial of Smith's request for reconsideration. (Smith Exh. 14, p. 3).[2]

Having reviewed the documentation of Smith's central file, it appears that the BOP's determination that Smith was ineligible for the RDAP, based solely on an improper "twelve months preceding" requirement, was an abuse of discretion. The BOP acted arbitrarily in imposing additional requirements beyond those in its Program Statement. This Court cannot conclusively determine that absent this additional

---

[2] Smith cites what appears to be the solitary case discussing the issue presented by these facts. In Mitchell v. Andrews, 235 F. Supp. 2d 1085 (E.D. Cal. 2001), the court found that the BOP abused its discretion by imposing an identical requirement for entry into the RDAP. Though not binding precedent, the Court is indeed guided by the Mitchell court's reasoning, as it was presented with facts very nearly identical to the facts of the case sub judice. The record in Mitchell established that the petitioner had a history of substance abuse. The petitioner's central file included his interview statement admitting a problem with three substances, recent declarations and affidavits about his substance problem from family members, friends, and a past employee, and the BOP's own Psychology Services records reflecting his substance abuse problem for four years preceding his application. Id. at 1091-1092. Based on the extent of this documentation, the Mitchell court found that the BOP's determination that the petitioner was ineligible based on the "twelve months preceding" requirement was arbitrary and unreasonable and an abuse of the agency's discretion. Id. at 1092.

requirement, Smith's application for placement in the RDAP would have been similarly denied. Accordingly, it is **RECOMMENDED** that the instant petition for a writ of habeas corpus be **GRANTED** and the case be remanded to the Bureau of Prisons for reconsideration of Smith's eligibility for admission to the Residential Drug Abuse Program using only permissible criteria.

So **REPORTED** and **RECOMMENDED** this 7th day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE