AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RALPH SMITH,

    Petitioner,

v.

JOSE VAZQUEZ,

    Respondent.

CIVIL ACTION NO.: CV206-275

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Ralph Smith's petition for writ of habeas corpus be **GRANTED**. Smith, an inmate currently confined at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith applied to participate in the Bureau of Prisons' ("BOP") Residential Drug Abuse Treatment Program ("RDAP"), but the BOP determined that he was ineligible because he failed to demonstrate the existence of a substance abuse problem within the twelve months preceding his incarceration. The Magistrate Judge found that the BOP's determination of Smith's ineligibility was an abuse of discretion because it improperly relied upon criteria – namely, the "twelve months preceding" requirement – not found within its policies. Accordingly, the Magistrate Judge

concluded that Smith's case should be remanded to the BOP for reconsideration of his application without the use of this impermissible requirement.

In his Objections, Respondent asserts that the BOP's policy requiring proof of substance abuse within twelve months of incarceration is a proper exercise of its discretion in making eligibility determinations. Respondent contends that the "twelve months preceding" requirement represents a "considered application" of the DSM-IV, the diagnostic manual referenced in the BOP's program statement, and that the policy has been upheld by several other district courts in recent years.

18 U.S.C. § 3621(e)(1)(C) requires that the BOP "shall" provide "residential substance abuse treatment . . . for all eligible prisoners." An "eligible prisoner" is defined as one who is "determined by the Bureau of Prisons to have a substance abuse problem . . . ." 18 U.S.C. § 3621(e)(5)(B)(i). The BOP's regulation implementing the statute establishes certain criteria for prisoner eligibility:

> (a) Eligibility. An inmate must meet all of the following criteria to be eligible for the residential drug abuse treatment program.
> (1) The inmate must have a verifiable documented drug abuse problem. . . .

28 C.F.R. § 550.56(a). Additionally, the BOP's Program Statement explains the procedure for verifying a drug abuse problem under this section:

> Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the <u>Residential Drug Abuse Program Eligibility Interview</u> followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the <u>Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM-IV)</u>. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.
> Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file

which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used</u> the <u>same substance</u>, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

P.S. 5330.10 § 5.4.1; Doc. No. 8, Exh. 2.

Smith's application to participate in the RDAP was denied because the BOP found no documented substance abuse problem within the twelve months preceding his arrest. This "twelve months preceding" requirement is not found in the aforementioned statute, regulation, or program statement, but instead appears to be a "practice" of the BOP in determining RDAP eligibility. In response to the Magistrate Judge's determination that the DSM-IV referenced in the Program Statement does not provide justification for the "twelve months preceding" requirement, Respondent discusses the manual's "definitions" section. (Doc. No. 19, p. 5). This section defines "Sustained Full Remission" as a case wherein "none of the criteria for Dependence or Abuse have been met at any time during a period of 12 months or longer." (Id.; Exh. 4-A, p. 196). Again, the definition does not call for the examination of any *specific* twelve-month period. Specifically addressing the "twelve months preceding" requirement that was applied to Smith's application, Respondent refers to and has submited the declaration of Beth Weinman, the BOP's National Drug Abuse Program Coordinator since 1992. (Exh. 4, p. 1). Therein, Weinman instructs that in using the DSM-IV definitions, "the Bureau looks at the inmate's last 12 months prior to incarceration. If an inmate is found to be in Sustained Full Remission, no use in the twelve months prior to incarceration, he or she is found to be unqualified for the RDAP." (Id. at 3).

However, it remains clear that the "twelve months preceding" requirement is not found in the applicable statute, the regulation interpreting the statute, or in the program

AO 72A
(Rev. 8/82)

3

statement interpreting the regulation. Furthermore, this Court concurs with the Magistrate Judge's determination that the BOP's "practice" of requiring proof of substance abuse within twelve months of some specific event is an impermissible interpretation of the statute for several reasons. First, Respondent has been unable to identify with any specificity or consistency the actual source of the requirement.[1] Second, the additional requirement in application appears to operate contrary to the BOP's program statement, which is unambiguous in its instruction that the inmate must meet the diagnostic criteria of the DSM-IV and that "any written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, *shall* be accepted as verification of a drug abuse problem." P.S. 5330.10, Ch. 5 (emphasis added). Third, though Respondent considers the "twelve months preceding" requirement a "consistent application of nationwide BOP policy," and asserts that it is "applied uniformly," the Court cannot be so confident. Within the filings of just this case, the policy has been described in several different ways: within twelve months of arrest (Doc. No. 8, p. 2; Doc. No. 19, p. 1, 3); within twelve months of incarceration (Doc. No. 19, p. 5, 6, 8, 9, 10, 11); within twelve months of commission of the offense (Doc. No. 8, p. 7; Doc. No. 19, pp. 10-11); within the "twelve-month period of time preceding the instant offense or a twelve-month period of continuous incarceration" (Doc. No. 8, p. 5). The rule has been stated in different ways by Respondent even in reference to its application to

---

[1] Beth Weinman's declaration on the issue at hand is consistent with the statements of her 1996 memorandum to RDAP coordinators (Doc. No. 14, p. 14), the memorandum which Respondent initially denied had any influence on the decision to deny Plaintiff's participation in the RDAP. In his initial Response to Smith's petition, Respondent stated that ". . . with respect to Smith's specific allegation, [the Southeast RDAP Coordinator] observed that he was not aware of any DAP staff members using the 'Weinman memo' – instead, they and he rely upon PS 5330.10, the DSM-IV-TR, and their professional judgment." (Doc. No. 8, p. 5). Respondent now appears to present Weinman's interpretation of the rules in her declaration as the source of the "twelve months preceding" requirement.

Smith himself. See Doc. No. 8, p. 7 ("This determination [that Smith was ineligible] was consistent with the DSM-IV and the BOP's policy of examining an inmate's behavior in the twelve-month period *prior to the offense*"); Doc. No. 19, p. 1 ("Smith, like every other federal prisoner, must have information in his Central File demonstrating that he had a substance abuse problem *within twelve months of his arrest*"); Pet.'s Exh. 14, p. 3 ("you [did not have] a substance use-related disorder in the twelve months *prior to your incarceration*.").

Accordingly, this Court agrees with the Magistrate Judge's determination that the use of such unannounced, unwritten, and seemingly inconsistent criteria for RDAP eligibility is an unreasonable exercise of the BOP's discretion. Furthermore, Respondent's submission of "contrary persuasive authority" on the issue is somewhat less than persuasive. Respondent asserts that he

> respectfully disagrees with the [Magistrate Judge's] view that "a review of what [case law] does exist reveals there is simply no well-settled controlling law on the subject" of a prisoner's "eligibility for *entry* into the RDAP." (Dkt. #15, p. 3) (emphasis in original). While it may be true that the Eleventh Circuit and no other federal circuit court has expressly ruled on this precise issue, several district courts have had the opportunity to address similar challenges to the BOP's RDAP eligibility determinations, providing ample persuasive authority to the contrary.

(Doc. No. 19, pp. 7-8). Of course, this Court is bound only by the precedent of the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. Thus when the Magistrate Judge refers to "controlling law," he refers to the decisions of these courts only. Respondent's presentation of the decisions of other district courts on the issue, regardless of their geographic proximity to this Court, does not dispute that determination.

As persuasive authority, then, Respondent provides ten cases from district courts across the country which he contends support his position that the additional "twelve months preceding" requirement is within the BOP's discretion. A review of these cases, however, reveals that only half of them actually support that position. See Rea v. Sniezek, No. 4:06CV2424, 2007 WL 427038, at *5 (N.D. Ohio Feb. 2, 2007) (finding "twelve months preceding" requirement a permissible interpretation of the statute and not in contravention to well-settled law); Shew v. FCI Beckley, No. 5:05-0814, 2006 WL 3456691, at *4 (S.D. W.Va. Sept. 19, 2006) (finding "twelve months preceding" requirement permissible exercise of BOP discretion); Montilla v. Nash, No. CIVA 05-2474(FLW), 2006 WL 1806414, at *3 (D.N.J. June 28, 2006) ("twelve months preceding" requirement is a reasonable interpretation of the diagnostic manual); Goren v. Apker, No. 05 Civ. 9006(PKC), 2006 WL 1062904, at *7 (S.D.N.Y. April 20, 2006) (a "twelve months preceding requirement" would be a permissible exercise of BOP's discretion); Laws v. Barron, 348 F.Supp.2d 795, 806-807 (E.D. Ky. 2004) ("twelve months preceding" requirement is reasonable and does not contravene well-settled law). The remaining cases cited by Respondent do not actually address the specific criteria at issue in the case *sub judice* – the requirement that a substance abuse problem be present within the twelve months preceding incarceration or arrest or commission of the offense – but instead for the most part analyze other RDAP eligibility criteria implemented by the BOP. See Batiste v. Menifee, No. CIVA 06-0657, 2006 WL 2078186, *4 (W.D. La. June 16, 2006) (holding that BOP's requirement of written documentation to support substance abuse diagnosis is a permissible interpretation of the statute); Conrod v. Sanders, No. 2:05CV1915, 2006 WL 1789554, *2 (W.D. La. May

16, 2006) (BOP requirement that substance abuse problem be documented in inmate's central file is reasonable); Quintana v. Bauknecht, No. 3:05CV359/LAC/EMT, 2006 WL 1174353, *4 (N.D. Fla. May 2, 2006) (BOP requirement of written documentation in file to support substance abuse diagnosis is reasonable exercise of discretion); Calhoun v. Warden, No. 5:05CV198, 2006 WL 887677, *6 (E.D. Tex. April 4, 2006) (no abuse of discretion in BOP determination of eligibility); Pacheco v. Lappin, No. 05-C-141-C, 2005 WL 752269, *3 (W.D. Wis. March 30, 2005) (holding that inmate cannot use §2241 to challenge RDAP eligibility determination).

Furthermore, this Court is not persuaded by the reasoning of the district courts whose holdings do support Respondent's position. In many of these cases, the courts relied in part on Lopez v. Davis, 531 U.S. 230, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001), wherein the Supreme Court analyzed the BOP's interpretation of the term "crime of violence" as used in the same statute at issue here. In Lopez, the Court held that the BOP's regulation was a permissible exercise of discretion under the statute. Id. at 244, 121 S. Ct. at 723. Lopez, however, is distinguishable from the case *sub judice* and from the cases cited by Respondent. In Lopez, the Court evaluated an inmate's challenge to a BOP *regulation*[2], a rule published and codified in the Code of Federal Regulations after notice and comment. Id. at 232-233, 121 S. Ct. 718. Accordingly, because Congress had left the question unanswered by the statute, the Court applied deference under the second step of Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), where the agency only must

---

[2] The regulation categorically denies early release to inmates whose offense is a felony involving "the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000).

AO 72A
(Rev. 8/82)

7

interpret the statute reasonably and in a manner that is not arbitrary or capricious. Id. at 844, 104 S. Ct. at 2782.

The "practice" at issue in this case is not a regulation. It is clear that "some deference" is appropriate where the agency's interpretation appears not in a published regulation but in a Program Statement, Reno v. Koray, 515 U.S. 50, 61, 115 S. Ct. 2021, 2027, 132 L. Ed. 2d 46 (1995) (citation omitted), but this is also not a program statement. It is a "practice," apparently emanating from a BOP official's memorandum. The Eleventh Circuit has held that Chevron deference is to be accorded to legislative rules and agency adjudications, *not* to agency interpretations such as the one at issue in this case. See Satellite Broad. & Comm'ns Ass'n of Am. v. Oman, 17 F.3d 344, 346-47 (11th Cir. 1994) (applying Chevron deference to published legislative rule after previously declining such deference to a mere policy decision).[3] The Supreme Court and several other circuits appear to concur in this approach. See Christensen v. Harris County, 529 U.S. 576, 587, 120 S. Ct. 1655, 1662, 146 L. Ed. 2d 621 (2000) ("Interpretations such as those in opinion letters – like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law – do not warrant Chevron-style deference. They are 'entitled to respect,' but only to the extent that they are persuasive. . . .") (citing Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S. Ct. 161, 164, 89 L. Ed. 124 (1944)); Motor Vehicle Mfrs. Ass'n v. New York

---

[3] In NBC v. Satellite Broad. Networks, 940 F.2d 1467 (11th Cir. 1991), the agency had issued a policy statement that satellite carriers did not fall within the statutory meaning of "cable systems" under §111 of the Copyright Act. In its 1991 decision, the Eleventh Circuit rejected the agency's interpretation of the statute, finding it "unpersuasive." Id. at 1470 n.4. Subsequent to that decision, the agency promulgated a formal legislative rule, complete with notice and comment, excluding satellite carriers from the definition of "cable systems" just as it had in its previous informal policy statement. Id. Upon review of that regulation, the Eleventh Circuit found that in this format, the agency's rule was entitled to Chevron deference. 17 F.3d at 347. Although the Court was not specific about the level of deference applied to the informal rule in NBC, use of the term "unpersuasive" points toward a reliance on the principles set forth by the Supreme Court in Skidmore.

State Dep't of Env't Conservation, 17 F.3d 521, 534-35 (2d Cir. 1994) (refusing to apply Chevron deference to agency's interpretation of a statute put forth in an agency advisory circular); Kelley v. E.I. DuPont de Nemours & Co., 17 F.3d 836, 841-42 (6th Cir. 1994) (holding that lesser deference is accorded to policy statements and interpretive rulings than to legislative rules); Travelstead v. Derwinski, 978 F.2d 1244, 1250 (Fed. Cir. 1992) (noting that only deference under Skidmore and not Chevron is appropriate for informal agency rules); Dalheim v. KDFW-TV, 918 F.2d 1220, 1228 & n.39 (5th Cir. 1990) (applying Skidmore deference to informal agency rules). Under so-called Skidmore deference:

> [w]e consider that the rulings, interpretations and opinions of the [agency], . . . while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

323 U.S. 134, 140, 65 S. Ct. 161, 164.

Based on the evidence before this Court, the agency's interpretation of the statute in this case is not entitled to significant weight. As discussed, there are several reasons the Court finds the BOP's interpretation "unpersuasive" here. Though the BOP has presented arguably valid reasoning behind the "twelve months preceding" rule, Respondent has not shown a consistent source for the rule or even a consistent definition of the rule. It is unclear whether the rule as it exists today, wherever it may have come from and whatever it actually requires, is consistent with earlier versions of the rule or will be consistent with future versions. The application of such an additional

unwritten, unpublished, and inconsistent agency interpretation cannot be given controlling weight by this Court.

Accordingly, Smith's petition for writ of habeas is hereby **GRANTED**. The Bureau of Prisons shall reconsider Smith's eligibility for admission to the Residential Drug Abuse Program using only the permissible criteria identified herein.

**SO ORDERED**, this 5th day of June, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

10